IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| CONSTITUTION PARTY OF KANSAS, CURT ENGELBRECHT, and MARK PICKENS, ) ) ) ) ) | |
| Plaintiffs, ) ) | Civil Case No. 10-CV-4043 SAC/KGS |
| v. ) ) | **COMPLAINT** |
| CHRIS BIGGS, in his official capacity as Secretary of State of Kansas, ) ) ) ) | |
| Defendant. ) ) | |

## INTRODUCTION

1. <u>Party Affiliation</u>. The Kansas Constitution Party ("Constitution Party") is a political affiliation of like-minded individuals who actively promote in the state of Kansas their political views and support their chosen candidates for state and national elected offices. The Constitution Party is not a recognized political party in the state of Kansas. The Constitution Party is officially recognized as a political action committee by the state of Kansas. Since the Constitution Party is not recognized by the state of Kansas, supporters and members of the Constitution Party, like Curt Engelbrecht ("Engelbrecht") cannot proclaim their affiliation with the party while registering to vote. Furthermore, the Constitution Party is not provided voter registration information from the state of Kansas which is provided to major political parties and recognized political parties, limiting the ability of the Constitution Party to track or communicate with supporters. The failure to allow voters to affiliate with non-recognized parties violates the party's and the voter's rights to association, and equal protection rights.

1

2.      <u>The Residency Requirement</u>.  Kansas also bars non-residents from circulating ballot recognition petitions within the state.  Mark Pickens ("Pickens") is an Arizona resident who regularly circulates petitions for political parties, candidates, or political interest groups as a paid circulator and volunteer.  Pickens would like to circulate petitions in Kansas but is currently barred from doing so by state law.  The residency requirement for petition circulators violates Pickens' associational rights, voting rights, and speech rights.  The residency requirement violates the Constitution Party's First Amendment right to appoint their own spokesmen, their associational rights, and the right to hire non-resident petition circulators if they so choose.  The residency requirement also violates Engelbrecht's right to free association, voting rights, and rights to free speech.  Finally, because Pickens regularly works as a paid circulator, the residency requirement violates the U.S. Constitution's commerce clause by favoring Kansas residents who are paid-petition circulators by completely banning non-Kansans from entering Kansas and engaging in economic activity as a paid-petition circulator.

## THE PARTIES

### Plaintiffs

3.      The Constitution Party is an active political party in the state of Kansas and is denied the opportunity to use party affiliation lists and voter registration records to associate and communicate with supporters and members.  The Constitution Party also is not allowed to associate with non-residents, or pay non-residents to circulate petitions on their behalf.  The Constitution party is also barred from choosing their own spokesmen in ballot recognition petition circulation activities.  The Constitution Party is also barred the use of party affiliation lists and voter registration records that all other political parties have access to for use in association and communicating with supporters and members.

4. Engelbrecht is a resident of Kansas and is denied the right to have his affiliation with the Constitution Party of Kansas recorded, and his right to associate with non-residents for the purpose of circulating ballot recognition petitions. His rights to political speech and political association are severely burdened by the bar on recording party affiliation with his voter registration.

5. Pickens is a resident of Arizona and has regularly circulated petitions in states around the country as a volunteer and as a paid petition circulator. Pickens is not allowed to circulate petitions for political party ballot recognition in Kansas. Pickens rights to political speech, political association, and Pickens' own voting rights are severely burdened. The statute barring him from circulating petitions in Kansas as a paid petition circulator is also a violation of the U.S. Constitution's commerce clause.

## Defendant

6. Defendant, Chris Biggs ("Biggs"), is the Kansas Secretary of State, and as such, oversees the State's electoral processes. Bigs enforces the state laws at issue. Biggs is sued in his official capacity.

## FACTS

7. A political party gains official recognition by the State of Kansas by filing petitions signed by qualified electors. The number of signatures required for recognition is 2% of the total vote cast for the office of governor in the last general election. *See* Kan. Stat. § 25-302a (2008).

8. In 2006, the last gubernatorial election in Kansas, a total of 849,700 votes were cast; therefore, approximately 16,994 signatures are required for a political party to gain official recognition by the State of Kansas. *See*

3

http://www.kssos.org/elections/06elec/2006GeneralElectionOfficialResults.pdf (document available on Kansas Secretary of State's website as of April 22, 2010).

9. A voter, regardless of actual political affiliation, may only select affiliation with a recognized political party or must select "Not affiliated with a party" on the voter registration form when that voter registers to vote.

10. Exhibit A, attached and included with this Complaint, is a true and correct copy of the voter registration form referred to in ¶ 9.

11. There are only four recognized party affiliations in Kansas: Democratic; Republican; Libertarian; and Reform.

12. A recognized political party loses recognition if its nominee for statewide office fails to receive 1% of the total vote or the party fails to nominate a candidate for a least one statewide office. *See* Kan. Stat. Ann. § 25-302b (2008).

13. Any registered voter affiliated with a political party that loses official recognition will have his affiliation changed to "unaffiliated." *See* Kan. Stat. Ann. § 25-302c (2008).

14. The Secretary of State of Kansas tracks registered voters by a computerized system and only classifies registered voters as being affiliated with a recognized party or as unaffiliated. *See* "2008 October Voter Registration Numbers by county (Excel)" *available at* http://www.kssos.org/elections/elections_statistics.html.

15. The Secretary of State of Kansas makes available party affiliation lists and voter registration records to the chairpersons of the Republican, Democrat, Libertarian, and Reform Parties and the public. *See* Kan. Stat. Ann. § 25-2320, 25-3302 (2008). Party affiliation lists and voter registration records can be used for political campaign and election purposes. *See* Kan. Stat. Ann. § 25-2320a (2008).

16. The Constitution Party is an active political party in the state of Kansas but is not officially recognized by the State of Kansas as political party. Therefore, members and supporters of the Constitution Party cannot express their affiliation with the party on voter registration applications or have their affiliation tracked by the State of Kansas.

17. The Constitution Party wishes to use party affiliation lists or voter registration records to contact and associate with members and supporters for political campaign or election purposes but cannot because the State of Kansas does not record and track affiliation with the Constitution Party.

18. Engelbrecht is a resident of Kansas and a member of the Constitution Party of Kansas. Engelbrecht wishes to express his affiliation with the Constitution Party but cannot.

19. Engelbrecht is the primary Kansas contact person for the national Constitution Party and current treasurer of the Kansas Constitution Party Political Action Committee and wishes to use party affiliation lists and voter registration records to associate with and communicate with other members and supporters of the Constitution Party but cannot because the State of Kansas does not record or track affiliation with the Constitution Party.

20. Pickens is a resident of Arizona and regularly circulates petitions on behalf of others as a paid circulator.

21. Pickens has circulated petitions in over 20 states, sometimes as a paid circulator, and sometimes as a volunteer.

22. Pickens has never circulated petitions in Kansas, but intends to offer his services to political organizations, candidates, and other groups in Kansas if circulating non-resident petitions is no longer against the law.

23. The State of Kansas bars non-residents from circulating ballot recognition petitions within the state. *See* Kan. Stat. Ann. § 25-302a.

24. Pickens would like to associate with residents of Kansas as both a volunteer and as a paid circulator for the purposes of circulating petitions for ballot access or ballot recognition.

25. Kansas residents are not barred from circulating petitions in the same manner as Pickett. Kansas residents are barred from hiring non-residents to circulate petitions on their behalf. Engelbrecht and the Constitution Party will consider hiring petition circulators, but are currently barred from doing so.

## JURISDICTION AND VENUE

26. This is a civil action seeking declaratory, injunctive, and other legal and equitable relief, and the Court has jurisdiction of the subject matter of this action pursuant to 28 U.S.C. §§ 1331, 1343(a) and 2201. The cause of action is based on 42 U.S.C. § 1983.

27. Venue of this action is properly in this district, pursuant to 28 U.S.C. § 1391(b)(2), on the ground that a substantial part of the events or omissions giving rise to the claim occurred in the District of Kansas.

## COUNT I

**KANSAS' FAILURE TO KEEP RECORD OF THE AFFILIATION OF VOTERS AS TO UNRECOGNIZED POLITICAL PARTIES VIOLATES FIRST AND FOURTEENTH AMENDMENT RIGHTS TO FREE SPEECH AND FREE ASSOCIATION OF MEMBERS OF UNRECOGNIZED POLITICAL PARTIES**

28. Paragraphs 1 through 27 are incorporated within this count.

29. The Defendant's failure to keep record of voters' party affiliation when they are affiliated with an unrecognized political party severely burdens the political speech, political association rights, and the equal protection rights of Engelbrecht and the Constitution Party, in

violation of the First and Fourteenth Amendments to the United States Constitution, and 42 U.S.C. § 1983.

30. By reason of the foregoing, the Defendant, acting under color of state law, has deprived Plaintiffs of the rights, privileges and immunities secured to them under the First and Fourteenth Amendments to the United States Constitution and § 1983 of title 42 of the United States Code to participate in the democratic process free from unreasonable impediments, undue restraints on core political speech, free and expressive associational rights, and the right to equal protection of the laws.

31. Plaintiff has no adequate remedy at law for such deprivation of their rights, privileges and immunities.

## COUNT II

### KANSAS LAWS PROHIBITING NON-RESIDENTS FROM CIRCULATING PETITIONS FOR BALLOT RECOGNITION VIOLATE FIRST AND FOURTEENTH AMENDMENT RIGHTS TO FREE SPEECH, FREE ASSOCIATION, VOTING RIGHTS, AND THE FEDERAL COMMERCE CLAUSE

32. Paragraphs 1 through 27 are incorporated within this count.

33. The residency requirement for petition circulators severely burdens the political speech and political association rights of Pickens, Engelbrecht and the Constitution Party, in violation of the First and Fourteenth Amendments to the United States Constitution, and 42 U.S.C. § 1983.

34. The residency requirement for petition circulators severely burdens the right of the Constitution Party to name its own spokesmen in violation of the First and Fourteenth Amendments to the United States Constitution, and 42 U.S.C. § 1983.

35. The residency requirement for petition circulators severely burdens the voting rights of Pickens, Engelbrecht, and the Constitution Party members because unconstitutional

ballot access laws diminish the statewide and national viability of the organization whose ballot presence is denied, thereby diminishing the value of votes cast by the harmed parties in Kansas and other states.

36.     The residency requirement for petition circulators severely burdens interstate commerce by prohibiting Kansas residents from hiring non-residents to circulate petitions and prohibiting non-residents from entering Kansas to engage in the business of petition circulation.

37.     By reason of the foregoing, the Defendant, acting under color of state law, has deprived Plaintiffs of the rights, privileges and immunities secured to them under the First and Fourteenth Amendments to the United States Constitution and § 1983 of title 42 of the United States Code to participate in the democratic process free from unreasonable impediments, undue restraints on core political speech, free and expressive associational rights, and the right to equal protection of the laws.

38.     Plaintiff has no adequate remedy at law for such deprivation of their rights, privileges and immunities.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully ask this Court:

A.      To enter a judgment declaring that the failure to keep track of the political party affiliation of voters affiliated with unrecognized parties severely limits the speech, associational, and voting rights of supporters of unrecognized political parties and are in violation of the United States Constitution, including particularly the First and Fourteenth Amendment to the United States Constitution;

B.      To enter a judgment declaring that the residency requirement for ballot recognition petitions severely limits the speech, associational, and voting rights of supporters of

unrecognized political parties and are in violation of the United States Constitution, including particularly the First and Fourteenth Amendment to the United States Constitution, and violates the commerce clause by discriminating against non-residents by prohibiting their participation in economic activity that is not prohibited to state residents;

C. To grant permanent injunctive relief enjoining and restraining Defendant, his servants, agents, employees, and all other persons in active concert and participation with him from implementing and enforcing the residency requirement and mandating the Defendant to record and track a voter's affiliation with unrecognized political parties;

D. To award Plaintiffs costs and disbursements associated with the filing and maintenance of this action, including an award of reasonable attorneys' fees pursuant to 42 U.S.C. § 1988; and

E. To award such other equitable and further relief as the Court deems just and proper.

Respectfully submitted on this the 28th day of April, 2010.

| | |
|---|---|
| THE CASTLE LAW OFFICE OF KANSAS CITY, P.C.<br>Attorneys for the Plaintiffs | THE BERNHOFT LAW FIRM, S.C.<br>Attorneys for the Plaintiffs |
| /s/ Mark E. Meyer<br>Mark E. Meyer, Esq. KS Bar No. 20988 | /s/ Daniel J. Treuden<br>Daniel J. Treuden, Esq., Wis. Bar #1052766<br>*Pro Hac Vice* Counsel (applicaton pending) |
| 818 Grand Street, Suite 700<br>Kansas City, MO 64106<br>(816) 283-0303 telephone<br>(816) 842-0016 facsimile<br>mmeyer@castlelaw-kc.com | 207 East Buffalo Street, Suite 600<br>Milwaukee, Wisconsin 53202<br>(414) 276-3333  telephone<br>(414) 276-2822  facsimile<br>djtreuden@bernhoftlaw.com |