IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **CONSTITUTION PARTY OF KANSAS,** *et al.,* ) ) ) | |
| **Plaintiffs,** ) ) | |
| v.  ) ) | Case No. 10-4043-SAC |
| **CHRIS BIGGS, In His Official Capacity,** ) ) | |
| **Defendant.** ) _____) | |

## STIPULATED ORDER AND JUDGMENT
## AS TO COUNT II

WHEREAS, the parties have filed a joint memorandum in support of this stipulated order laying out the legal and factual arguments for declaring that the portion of K.S.A. § 25-302a which restricts Kansas residents from using non-residents to circulate ballot access or recognition is unconstitutional in that it violates the First Amendment of the United States Constitution for the reasons stated in *Yes on Term Limits, Inc. v. Savage*, 550 F.3d 1023 (10th Cir. 2008).

WHEREAS, the parties jointly move this court to enter judgment imposing a permanent injunction against Chris Biggs ("Biggs"), the defendant in this matter, permanently enjoining Biggs in his official capacity as Secretary of State for the State of Kansas from enforcing the following phrase, within K.S.A. § 25-302a: "that such circulator is a resident of the state of Kansas and has the qualifications of an elector in Kansas and" to the extent the statute prohibits non-residents from circulating petitions within the state based on their state residence.

WHEREAS, the defendant Biggs has agreed to the judgment rendered herein as to Count II, and has agreed to waive any right he might have to appeal from this Order and Judgment:

On the legal and factual weight and merit of the parties' joint motion and memorandum, the

Court hereby grants the Joint Stipulated Motion for Stipulated Order and Judgment as to Count II, (Dk. 8) and pursuant to Fed.R.Civ.P. 54(b) enters final judgment on Count II as follows:

The Court hereby finds and declares that for the legal and factual reasons set forth in the parties' joint memorandum (Dk. 14) the portion of K.S.A. 25-302a which restricts Kansas residents from hiring non-residents to circulate ballot access or recognition is unconstitutional in that it violates the First Amendment to the United States Constitution according to the holding and analysis in *Yes On Term Limits, Inc. v. Savage,* 550 F.3d 1023 (10th Cir. 2008.)  The Court permanently enjoins Defendant from enforcing the following phrase, within K.S.A. 25-203a: "that such circulator is a resident of the state of Kansas and has the qualifications of an elector in Kansas and" to the extent the statute prohibits non-residents from circulating petitions within the state based on their state residence.  This injunction does not affect the remainder of K.S.A. 25-302a.

**IT IS SO ORDERED.**

Dated this 13th day of August, 2010, at Topeka, Kansas


s/ Sam A. Crow
U.S. District Senior Judge


Submitted by:

s/ Stephen Phillips
Stephen Phillips, Sup. Ct. No. 14130
Assistant Attorney General
Memorial Bldg. 3d Floor
120 SW 10th Avenue
Topeka, Kansas 66612-1597
Tel:	785-296-2215
Fax:	785-291-3767
E-mail:	steve.phillips@ksag.org

s/ Daniel J. Treuden
Daniel J. Treuden, Wis. # 1052766
The Bernhoft Law Firm, S.C.
*Pro Hac Vice*
207 East Buffalo St., Ste 600
Milwaukee, Wisconsin 53202
Tel.     (414) 276-3333
Fax.     (414) 276-2822
E-mail:          djtreuden@bernhoftlaw.com


s/ Mark E Meyer
Mark E. Meyer, KS # 20988
The Castle Law Office of Kansas City, P.C.
8118 Grand Street, Ste 700
Kansas City, Missouri 64106
Tel.     (816) 283-0303
Fax.     (816) 842-0016
E-mail:          mmeyer@castlelaw-kc.com